**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CELL SCIENCE SYSTEMS CORPORATION,**<br>                    **Plaintiff,**<br>     **v.**<br>**LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA,**<br>                    **Defendant.** | **Case No. 17-1658-SDD-RLB** |

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendant, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), offers this Reply to briefly address the arguments set forth in Plaintiff's Memorandum in Opposition to Defendant's 12(b)(1) and 12(b)(6) Motions to Dismiss (the "Opposition")

**1.      Plaintiff Does Not Have Standing To Assert Its Claims.**

      **a.      Plaintiff Has The Burden Of Proving Jurisdiction.**

Cell Science Systems Corporation ("CSS") suggests that it can rely on general allegations in its Complaint or unsubstantiated challenges to the plan documents to meet its burden of demonstrating subject matter jurisdiction.  It cannot.  The burden of proof in a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.*  Also, in examining a Rule 12(b)(1) motion, the Court is empowered to consider matters of fact which may be in dispute.  *Id.*  BCBSLA provided the plan documents, by virtue of a

- 1 -

declaration of a BCBSLA representative, which govern the claims which CSS purports to assert in this litigation.   The plan documents state that a plan beneficiary cannot assign his rights under the plan to a provider such as CSS.

Having no legal basis to challenge the anti-assignment provisions in the plan documents, CSS challenges the authenticity of Ms. Bradley's Declaration and the plan documents.[1]  Yet, CSS offers no argument, authority, or evidence from which the court could conclude that the plan documents are not authentic.  Without any support for its contention, CSS's challenge is ineffectual.  *See In re Nighthawk Oilfield Serv., Ltd*., *3, 2001 WL 2940703 (S.D. Tex. July 18, 2011).  CSS  also cites *Columbia Hospital at Medical City Dallas Subsidiary, L.P. v. Legend Asset Management Corp,* 2004 WL 769253 (N.D. Tex. April 9, 2004), for the proposition that its objection to the authenticity of plan documents means the Court should not consider those documents. However, in *Columbia Hospital*, the court considered a motion to dismiss pursuant to Rule 12(b)(6), not Rule 12(b)(1), and the standard is different.  When considering a Rule 12(b)(6) motion, the Court considers uncontested documents that are attached to the complaint or central to plaintiff's claims, but when considering subject matter jurisdiction, the court can consider matters outside the pleading, such as testimony and affidavits, irrespective of the allegations of the pleadings.  *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).  CSS has the burden of demonstrating that subject matter jurisdiction exists.  CSS does not meet this burden with an unsubstantiated allegation that the plan documents *might* not be authentic.

---

[1] CSS also argues that Ms. Bradley's Declaration should not be considered because it was executed after suit was filed and, therefore, CSS could not have relied on her declaration in its complaint.  Ms. Bradley's Declaration is merely a means of authenticating the plan documents which do predate the Complaint and are central to CSS's allegations.  CSS asserts that the services it provided were "covered services under the members' plans.

**b.    Plaintiff Does Not Have Derivative Standing Based On Assignments.**

Anti-assignment provisions in ERISA plans are routinely upheld by courts.  *LeTourneau v. Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 352 (5th Cir.2002); *see also Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 336 n. 4 (5th Cir.2005).  The anti-assignment provisions in the plan documents at issue in this case preclude the participant from assigning either his rights or benefits under the plan.  As such, CSS does not have derivative standing and cannot be a "beneficiary" within the meaning of ERISA § 3(8), as plan members are effectively precluded from assigning "beneficiary" status.[2]  Additionally, CSS's reliance on *Herman Hosp. v. MEBA Medical & Benefits Plan*, 959 F.2d 569 (5th Cir.1992) is misplaced. In *Herman II*, the anti-assignment provision in the plan was a spendthrift provision that applied to third party creditors.  Here, the anti-assignment provision is not limited to third party creditors.  The provision states, "A Plan Participant's rights and Benefits under this Plan are personal to him and may not be assigned in whole or in part by the Plan Participant."

Moreover, and of equal importance, CSS does not allege an assignment of the rights it seeks to assert.  CSS's Complaint simply states that "[e]ach of the plan participants and plan beneficiaries identified herein below has assigned his or her right and benefits in and to the payment for the ALCAT test to CSS."  *See* Complaint (Rec. Doc. No. 1), ¶ 5.  CSS alleges the plan members assigned their rights to payment, not all rights.  Also, CSS produced its purported assignments in its Rule 26(a) Disclosures.  CSS failed to produce any evidence of an assignment

---

[2] Courts have recognized that healthcare providers have no standing to bring an ERISA § 502 claim without a valid assignment.  *North Cypress Med. Cnt. Operating Co., LTD v. Cigna Healthcare*, 781 F.3d 182, 190 (5th Cir.2015). CSS can only stand in the shoes of a plan participant and assert the rights of a "beneficiary" if that right has been expressly and knowingly assigned to CSS.  *Texas Life v. Gaylord Entertainment Co.*, 105 F.3d 210, 218 (5th Cir.1997).

form for four of the patients for whom it claims is it proceeding by way of assignment: Simone

S., Mary P., Andrea T. and William P.  Additionally, the assignment form for Pierson Y. is not

signed by the patient.  Finally, assignment forms for 13 of the patients read as follows:

> I hereby authorize the release of any medical information necessary for the
> processing of insurance.  I hereby assign all medical benefits to which I am
> entitled to CSS Ltd. Corp.  If insurance payments for CSS are sent directly to me,
> I will endorse & send to CSS promptly.  This assignment is to be in effect until
> revoked by me in writing.  A photocopy of this assignment is to be considered as
> valid as the original.  I assume responsibility for payment if insurance claim is
> denied and for any monies owed for any co-insurance or deductible amounts.  I
> will insure payment of any outstanding balance due after claim is processed.  In
> some cases, I may be required to obtain clinical notes from my Doctor.[3]

Thus, even if the patients could have validly assigned their right to CSS (which they could not),

the patients who signed this form did not assign the right to file suit or to request plan

documents.  These deficiencies in the assignment forms demonstrate why CSS's allegation that it

has a valid assignment is insufficient.  Subject matter jurisdiction cannot be established by mere

allegations when subject matter jurisdiction is challenged by a Rule 12(b)(1) Motion.  CSS must

prove subject matter jurisdiction; it is required to provide the Court with validly executed

assignment forms that convey the right to file this lawsuit for each patient from whom it

purportedly obtained an assignment.  It failed to do so.

> c.    **CSS Has Not Alleged Any Activity On The Part Of BCBSLA Which Would
> Evidence Waiver Of The Anti-Assignment Provisions.**

To establish estoppel or waiver, CSS must demonstrate (1) a material misrepresentation;

(2) reasonable and detrimental reliance upon the representation; and (3) extraordinary

circumstances. *Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of

Louisiana*, 2016 WL 42084709 (E.D. La. Aug. 10, 2016).  To establish waiver, the plaintiff must

---

[3] A copy of the purported assignment form which was produced by CSS as part of its Rule 26(A)(1) disclosures is
attached hereto as Exhibit "A."

show that the defendants voluntarily or intentionally relinquished a known right.  *Id.*  Here, CSS has not even alleged a misrepresentation, reliance, or extraordinary circumstances.  It has not alleged estoppel or waiver of the anti-assignment provisions in the plan documents in its Complaint.  CSS cannot now assert waiver in an opposition to a Motion to Dismiss.  *Peter-Takang v. Dep't of Children & Family Servs,* 2016 WL 69633, at *4 (E.D. La. Jan. 6, 2016) ("[a]n opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims."); *Goodwin v. Hous. Auth. of New Orleans*, 2013 WL 3874907, at *9 n. 37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").

## 2.    Plaintiff Has Not Stated A Claim Under ERISA

CSS's general allegation that BCBSLA failed to pay for the services supplied to its members is not sufficient to adequately state a claim under ERISA § 502(a)(1)(B).  In its Opposition, CSS claims that the plans at issue provide medical benefits and the ALCAT test it provided is a medical benefit.  This broad generalization is not sufficient under the standard established by the case law in this Circuit.  *See Paragon Office Services, LLC v. UnitedHealthcare Insurance Co.,* 212 WL 5868249 *2 (N.D. Tex. November 20, 2012); *see also Innova Hospital San Antonio L.P. v. Blue Cross and Blue Shield of Georgia, Inc.,* 995 F.Supp.2d 587, 600 (N.D. Tex. 2014); *Lone Star OB/Gyn Associates v. Aetna Health, Inc.,* 579 F.3d 529, 529 (5th Cir.2009).  CSS must point to a specific provision in the plan documents that support its contention that benefits are owed.

Additionally, CSS has no claim against BSBCLA for alleged violation of ERISA § 502(c)(1) because BSBSLA is not the Plan Administrator.  CSS argues BSBLSA can be liable as the *de facto* plan administrator, but in a recent decision, the U.S. Fifth Circuit flatly rejected the

*de facto* plan administrator theory.   In *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hospital, LLC,* 878 F.3d 478, 486 (5th Cir.2017), the Court stated that the Fifth Circuit has never adopted the *de facto* plan administrator theory, recognized that other circuits have rejected it and followed suit.

Likewise, CSS cannot "backdoor" a claim for failure to provide plan documents under ERISA § 502(c)(1) by alleging breach of fiduciary duty under ERISA's "catch all" provision, ERISA § 502(a)(3).   Equitable relief under ERISA is normally unavailable "where Congress elsewhere provided adequate relief for a beneficiary's injury." *Varity Corp. v. Howe, 516 U.S.* 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).   Here, because ERISA's civil enforcement provision provides a direct mechanism to address the alleged injury, the beneficiary (or an assignee) cannot assert a separate ERISA claim for breach of fiduciary duty.

> Congress provided a statutory framework for the production of documents that includes a provision for penalties if the administrator fails to comply…. [Plaintiff] is thus not entitled to equitable relief on her failure to produce documents claim.

*Hendrix v. Prudential Ins. Co. of America,* 697 Fed. Appx. 806, 809 (5th Cir.2017); *see also Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998); *Briscoe v. Energy Transfer Partners, LP,* 2016 WL 1126494 (M.D. La. Mar. 18, 2016).   Under established jurisprudence, CSS has not adequately pled any ERISA cause of action.

**3.     Conclusion**

As set forth herein and in BCBSLA's Memorandum in Support of its Motion to Dismiss, CSS's Complaint is wrought with deficiencies.   CSS has failed to demonstrate that it has standing to bring the claims asserted in this lawsuit.   Even if it could overcome this hurdle, it has failed to plead viable claims.   CSS's Complaint should be dismissed, with prejudice.

Respectfully Submitted By:

_____/s Layna C. Rush_____
Layna C. Rush (La. Bar Roll No.26242)
Katherine L. Cicardo (La. Bar Roll No.35081)
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
450 Laurel Street, 20th Floor
Baton Rouge, Louisiana  70801
Telephone:     (225) 381-7000
Facsimile:      (225) 343-3612
**Attorneys For:**
**Louisiana Health Service & Indemnity**
**Company, d/b/a Blue Cross and Blue Shield**
**of Louisiana**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon counsel of record this 21st day of February, 2018, by U.S. Mail, postage pre-paid and properly addressed, by email, and/or by e-filing same into the CM/ECF system which will automatically deliver a copy of same to all counsel.

_____/s/ Layna C. Rush_____